IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 3:07cr261-MEF |
| | ) | (WO) |
| MIKE FELTON | ) | |

**ORDER**

On November 28, 2007, the defendant filed an unopposed motion to continue trial (doc. # 32). Upon consideration of the motion, and for good cause, the court concludes that the motion should be granted.

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

On November 2, 2007, this defendant's case was set for trial commencing on January 14, 2008. The defendant's present counsel was appointed after the arraignment and after the Federal Defenders moved to withdraw. Because of his recent appointment, counsel has requested additional time to investigate and prepare for trial.

Moreover, since the defendant filed the motion to continue, three co-defendants have been arrested and arraigned on these charges, with defendant Tolbert being arraigned on December 19, 2007. Because the January trial term will be less than thirty days after defendant Tolbert's initial appearance on these charges, pursuant to 18 U.S.C. § 3161(c)(2), the defendant cannot be forced to proceed to trial on those charges on January 14, 2008. As a general rule, defendants who have been indicted together should be tried together. *See United States v. Castillo-Valencia*, 917 F.2d 494, 498 (11th Cir. 1990). The evidence presented during trial will be identical, relevant and material to all three defendants.

Accordingly, for these reasons, the court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and it is

ORDERED that this case be and is hereby CONTINUED for jury selection on and trial during the term beginning on April 28, 2008, in Opelika, Alabama. It is further

ORDERED that this case be and is hereby set for a pretrial conference on March 17, 2008, at 1:00 p.m. in Courtroom 4B, United States Courthouse, One Church Street,

Montgomery, Alabama.

All applicable deadlines contained in the prior arraignment order are adjusted accordingly.

Done this 21th day of December, 2007.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE