IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:07-CR-261-WKW |
| | ) | [WO] |
| MIKE FELTON | ) | |

## **<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Defendant Mike Felton's *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendments 782 and 788 to the United States Sentencing Guidelines ("U.S.S.G.").  (Doc. # 186.)  Amendment 782, in conjunction with Amendment 788, retroactively reduced by two levels the base offense levels for most drug quantities in U.S.S.G. § 2D1.1(c).  Felton's motion was referred to this district's Retroactivity Screening Panel ("Panel") for a recommendation on whether he is eligible for a sentencing reduction under § 3582(c)(2) and Amendments 782 and 788.  The Panel was unable to reach a unanimous recommendation.  For the reasons that follow, Felton is not eligible for a sentence reduction, and, alternatively, the 18 U.S.C. § 3553(a) factors do not justify a reduction.

# I. BACKGROUND

Sentenced in November 2008, Felton is serving a 130-month term of imprisonment based upon his guilty plea to federal drug and firearm charges. Felton's convictions exposed him to a statutory sentencing range of 10 years to life for conspiracy to distribute and possess with intent to distribute crack and powder cocaine (Count 1) and for distribution of crack cocaine (Count 4). Felton also was subject to a mandatory minimum sentence of 5 years on a firearms offense under 18 U.S.C. § 924(c)(1)(A) (Count 6), to be served consecutively to the term of imprisonment on Counts 1 and 4.

In the absence of the 120-month statutory mandatory minimum penalty on Counts 1 and 4, Felton's guideline range on these grouped counts would have been 97 to 121 months based upon a total offense level of 29 and a criminal history category of II.[1] Because the bottom of the guideline range was less than 120 months,

---

[1] At sentencing, the court held Felton accountable for 184.9 grams of cocaine base, 32.45 grams of cocaine powder, and 11 grams of marijuana, and did not adopt the higher drug quantities established by the presentence report. Because more than one drug was involved, Felton's base offense level was calculated by converting the drugs to their marijuana equivalencies. *See* U.S.S.G. § 2D1.1(a)(3) & (c)(4) (Nov. 1, 2008). Under the November 1, 2008 Guidelines Manual in effect when Felton was sentenced, the marijuana equivalency conversion produced a base offense level of 34; however, because the calculations included cocaine base, a two-level reduction applied, resulting in a base offense level of 32. *Id.* § 2D1.1, comment. (n.10(D)(i)) (Nov. 1, 2008). After a three-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(b), Felton's total offense level was 29.

The presentence report applied the 2007 version of the Guidelines Manual, as amended May 1, 2008; the updated November 1, 2008 version of the Guidelines Manual, which was in effect on the date of Felton's sentencing hearing, *see* U.S.S.G. § 1B1.11(a), incorporated the May

the statutory mandatory minimum established the lower limit of the guideline range, narrowing the range to 120 to 121 months on Counts 1 and 4.  *See* U.S.S.G. § 5G1.2 (Nov. 1, 2008).[2]

At sentencing, the court granted the Government's motion for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 based upon the substantial assistance provided by Felton.  *See* § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's

---

2008 amendments.  For purposes of this opinion, the pertinent guidelines are the same in the November 2007 Guidelines Manual, as amended in May 2008, and in the November 2008 Guidelines Manual.

[2] At the time of Felton's sentencing in November 2008, the relevant subsections of § 5G1.2 were as follows.  Subsection (a) provided:  "If a count's term of imprisonment is specified by statute, which requires the sentence to run consecutively to any other term of imprisonment, the sentence imposed on that count is determined independently of the other counts."  *Id.* § 5G1.2(a) (Nov. 1 2008).  Subsection (b) provided:  "Except as otherwise required by law (*see* § 5G1.1(a), (b)), the sentence imposed on each other count shall be the total punishment as determined in accordance with Part D of Chapter Three, and Part C of this Chapter."  *Id.* § 5G1.2(b).  "Total punishment" was defined as "[t]he combined length of the sentences."  *Id.* § 5G1.2, comment. (n.1).  Subsection (c) provided:  "If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law."  *Id.* § 5G1.2(c).

Part D of Chapter 3D are the grouping rules, which are applied without regard to any applicable statutory minimum or maximum sentences.  Under § 3D1.2, the court grouped Counts 1 and 4 to arrive at the total offense level of 29.  With a criminal history category of II, the guideline range was 97 to 121 months.  Because both Counts 1 and 4 imposed a mandatory minimum sentence of 120 months, under § 5G1.2(b), 120 months became the low end of the guidelines on these counts, resulting in a pre-departure range of 120 to 121 months.  The court imposed the total punishment on each of these counts, with the sentences to run concurrently.  Count 6, the § 924(c)(1) count, was not grouped with Counts 1 and 4 because by statute the 60-month mandatory minimum sentence must run consecutively to any other term of imprisonment.  *See* § 924(c)(1)(A)(i); § 5G1.2(a).

substantial assistance in the investigation or prosecution of another person who has committed an offense."); U.S.S.G. § 5K1.1 (Nov. 1, 2008) ("Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."). The court found that a four-level departure was warranted and reduced the total offense level from 29 to 25, resulting in a guideline range of 63 to 78 months. It imposed sentences of 70 months on Count 1 and on Count 4 and ran the sentences concurrently. The court also imposed a 60-month consecutive sentence on Count 6, for a total term of imprisonment of 130 months. Felton did not appeal his conviction or sentence.

In 2011, the Sentencing Commission issued Amendments 750 and 759, *see* U.S.S.G. App. C, amend. 750, 759 (Nov. 1, 2011),[3] which operated together to retroactively lower base offense levels for certain offenses involving cocaine base. Felton moved for a § 3582(c)(2) reduction in his term of imprisonment under Amendment 750. The court found that Amendment 750 lowered Felton's base offense level on Counts 1 and 4 but, because of the statutory mandatory minimum, had the effect of reducing only the high end of the guideline range from 121 months

---

[3] Amendment 750 reduced the marijuana-to-crack conversion ratio from 20,000-to-1 to 3,751–to–1. *See* U.S.S.G. § 2D1.1, comment. (n.10(D)) (Nov. 1, 2011). Amendment 759 added Amendment 750 to the version of § 1B1.10(c) then in effect, which made Amendment 750's application in § 3582(c)(2) proceedings retroactive.

to 120 months.[4]   The court found that under Amendment 750, the "amended guideline range [was] 120 to 120 months." (Doc. # 171, at 1.)  Amendment 750 did not reduce the bottom of the guideline range, which remained restricted by the statutory mandatory minimum.  The court concluded that a "[d]eparture applied from the mandatory minimum result[ed] in the same reduced guideline range of 63 to 78 months," and, thus, the court left intact the original 70-month concurrent sentences on Counts 1 and 4. (Order (Doc. # 171).)

The Sentencing Commission again lowered specified sentencing ranges through Amendment 782.  Effective November 1, 2014, Amendment 782 reduced by two levels the base offense levels for most drug quantities in § 2D1.1(c).  *See* U.S.S.G., Supp. to App. C, amend. 782 at 64–74, amend. 788, at 86–88 (Nov. 1, 2014).  Amendment 788, by including Amendment 782 on the list of amendments in U.S.S.G. § 1B1.10(d), made Amendment 782 retroactive, effective November 1, 2014, so as to lower sentences of qualifying previously sentenced inmates, but

---

[4]   The district judge who presided over the original sentencing also ruled on the § 3582(c)(2) motion for a reduction under Amendment 750.  The case subsequently has been reassigned to the undersigned.  It appears from the limited analysis set out in the AO 247 standardized form that the sentencing judge found that Felton was eligible for a § 3582(c)(2) reduction, but that a reduction was not warranted.  *See, e.g., United States v. Valle*, 635 F. App'x 708, 710 (11th Cir. 2015) (observing that, because "the mandatory minimum term fell within the otherwise applicable original guideline range, . . . [the defendant's guideline] range (up to the high end of 135 months) was still determined by drug quantity" and, therefore, Amendment 782 "ha[d] the effect of lowering [the defendant's] guideline range from 120–135 months to simply 120 months"); *see also United States v. Hargrove*, 732 F.3d 1253, 1255 (11th Cir. 2013) (holding that the defendant was eligible for a sentence reduction where Amendment 750 lowered the high-end of the applicable guideline range from 125 to 120 months).

delayed for one year the release of eligible offenders.  This case is before the court on Felton's *pro se* motion for a sentence reduction based upon Amendment 782.

## II.  DISCUSSION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted).  Section 3582(c)(2) supplies one of those narrow exceptions and gives the district court discretion to modify a sentence if the following three prerequisites are met:  (1) The defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)"; (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the relevant factors set out in 18 U.S.C. § 3553(a) demonstrate that the defendant is entitled to relief.  § 3582(c)(2); *see also United States v. C.D.*, No. 15-3318, ___ F.3d ___, 2017 WL 694483, at *2 (10th Cir. Feb. 22, 2017) ("Section 3582(c)(2) plainly tells us a defendant must overcome three distinct hurdles before he may obtain a sentence reduction thereunder.").  As these requirements portend, a reduction of a sentence under § 3582(c)(2) "does not constitute a *de novo* resentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

6

The Supreme Court of the United States has condensed the § 3582(c)(2) inquiry to two steps.  Step one examines a defendant's eligibility for a sentence reduction and, where eligibility is met, the extent of the reduction authorized.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction."  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  The court calculates the impact of the applicable retroactive guideline amendment on the sentencing range and leaves intact all other original sentencing findings.  The guideline amendment must lower the "applicable guideline range," which is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."  § 1B1.10, comment. (n.1(A)).  Section 1B1.10 also dictates the extent of the reduction permitted.  For example, generally, an authorized reduction cannot dip below the amended guideline range, but where the original sentence was below the guideline range to reflect the defendant's substantial assistance to the government, § 1B1.10(b)(2)(B) permits a "comparable" reduction below the amended guideline range.  *Id.* § 1B1.10(b)(2)(B); *see also Dillon*, 560 U.S. at 827.

Step two involves the district court's analysis of the § 3553(a) factors.  The district court "consider[s] any applicable § 3553(a) factors and determine[s]

whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

The discussion proceeds in two parts. First, the court addresses why Felton is ineligible for a sentence reduction under § 3582(c)(2). Second, and alternatively, the court explains why, even if it is assumed that Felton is eligible for a sentence reduction, the applicable § 3553(a) factors do not warrant a reduction.

## A.    Felton is not eligible for a sentence reduction under § 3582(c)(2).

Section 3582(c)(2) authorizes a sentence reduction where the court originally set the term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). A defendant who is "not sentenced 'based on' a guidelines range . . . is not eligible for a sentence modification under section 3582."[5] *United States v. Hughes*, No. 15-15246, ___ F.3d ___, 2017 WL 744010, at *5 (11th Cir. Feb. 27, 2017). For example, in *Hughes*, the Eleventh Circuit held that the defendant was ineligible for a § 3582(c)(2) sentence reduction because his binding plea agreement for a sentence of 180 months did not clearly provide that the "180-months recommendation [was] a guidelines sentencing range." *Id.* Additionally, § 3582(c)(2) does not authorize relief if the

---

[5] In this opinion, references to "sentencing range" and "guideline(s) range" are synonymous.

retroactive guideline amendment would "not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." § 1B1.10, comment. (n.1(A)); *see also United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's *base offense level*, but does not alter the *sentencing range* upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." (emphasis added)).

Here, Felton is ineligible for a sentence reduction on Counts 1 and 4.[6] As will be explained, Felton's term of imprisonment, although originally based on a sentencing range, now is based solely on a statutory mandatory minimum.

At his original sentencing hearing in 2008, the statutory mandatory minimum established the floor of the guideline range for Counts 1 and 4, *see* § 5G1.2(b) (Nov. 1, 2008), and § 2D1.1(c)'s drug quantity table set the ceiling of the range, resulting in a pre-departure restricted guideline range of 120 to 121 months. Later, in 2012, the court, although ultimately denying Felton a sentence reduction, found that Amendment 750 lowered the ceiling of Felton's guideline range by one month.

---

[6] Amendment 782 does not affect the sentence on the § 924(c)(1) conviction (Count 6). *See United States v. Mesa*, 649 F. App'x 711, 712 n.1 (11th Cir. 2016) ("Mesa concedes that her § 3582(c)(2) motion based on Amendment 782 did not implicate her mandatory, consecutive 120-month sentence on Count 5, her firearm offense, which was imposed pursuant to 18 U.S.C. § 924(c).").

Because the range still was restricted by the 120-month statutory mandatory minimum, Felton's "amended guideline range" was 120 to 120 months.   (Doc. # 171.)

Initially, an issue arises as to whether Felton's sentencing range for purposes of analyzing the present § 3582(c)(2) motion for a sentence reduction under Amendment 782 is 120 to 121 months (the original guideline range) or 120 months (the amended guideline sentence).   On the one hand, where a defendant has been granted a § 3582(c)(2) reduction in his term of imprisonment and he later seeks an additional § 3582(c)(2) reduction based upon a new retroactive guideline amendment, the Eleventh Circuit has examined the sentencing range underlying the reduced term of imprisonment, and not the original sentencing range, to assess whether the range is one that the Sentencing Commission subsequently has lowered. *See United States v. Tellis*, 748 F.3d 1305, 1309 (11th Cir. 2014) ("Amendment 750 did not lower his offense level after the Amendment 706 modification, and thus did not alter the guideline range."); *see also United States v. Derry*, 824 F.3d 299, 301–02 (2d Cir.) ("We hold that when a defendant is serving a term of imprisonment *that has been modified* pursuant to § 3582(c)(2), his sentence is 'based on' the guideline range applied at his most recent sentence modification, rather than the range applied at his original sentencing." (emphasis added)), *cert. denied*, 137 S. Ct. 316 (2016). On the other hand, where a court has declined to reduce the defendant's term of

10

imprisonment under § 3582(c)(2), notwithstanding that the retroactive guideline amendment produced a lower amended guideline range, there is a dearth of authority addressing whether the lower amended guideline range is the sentencing range for purposes of analyzing a subsequent § 3582(c)(2) motion.  The dearth need not detain the court long.

Under the law-of-the-case doctrine, which the Eleventh Circuit has invoked in § 3582(c)(2) proceedings, "an issue decided at one stage of a case is binding at later stages of the same case."  *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (holding that the law-of-the-case doctrine precluded litigation of the drug quantity in the context of § 3582(c)(2) motion).  As relevant here, "a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation."  *Id.* (citation omitted).  Felton's prior § 3582(c)(2) proceedings resulted in a judicial finding that Amendment 750 yielded an amended guideline range that was lower than Felton's original guideline range.  Specifically, the Order denying a reduction in Felton's term of imprisonment under Amendment 750 recalculated the guidelines and found that Felton's guideline range became 120 to 120 months.  In other words, 120 months became the ceiling and the floor of the range because the statutory mandatory minimum was greater than the range

otherwise applicable.  The court concludes that, when Felton did not appeal the Order, its findings became the law of the case.[7]

Based on the foregoing, for purposes of deciding whether Felton is eligible for a reduction in his term of imprisonment under § 3582(c)(2) based upon Amendment 782, the court relies on the range established during the Amendment 750 proceedings.  That range is not, of course, actually a range; it is precisely 120 months due to the constraints of the minimum penalties for the statutes of conviction.

To determine Felton's eligibility for a § 3582(c)(2) sentence reduction, the court calculates the impact of Amendment 782 on Felton's pre-departure sentencing range, leaving intact all other sentencing findings.  Amendment 782 reduces Felton's base offense level to 26.  After a three-level downward adjustment for acceptance of responsibility, the total offense level is 23.  The intersection of a total offense level of 23 and criminal history category II yields an amended guideline range of 51 to 63 months.  However, because Felton remains subject to a 10-year mandatory minimum, his new pre-departure guideline range again simply is 120 months.  *See* U.S.S.G. §§ 5G1.1(b), 5G1.2.  Any sentence ultimately imposed would be "based on" the statutory mandatory minimum, § 3582(c)(2), not a guideline range that

---

[7] Although there are exceptions to the application of the law-of-the-case doctrine, *see Escobar-Urrego*, 110 F.3d at 1561, none applies.  Namely, there is no new evidence, no intervening change in the law, and no clear error.

Amendment 782 lowered. Amendment 782 did not lower, and could not have lowered, the statutory mandatory minimum sentence; therefore, Felton is ineligible for a sentence reduction. This conclusion aligns with circuit precedent. *See United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) (holding that, where the mandatory minimum exceeds the high end of the guideline range, a defendant whose original sentence reflected a substantial-assistance departure below a statutory mandatory minimum is not eligible for a § 3582(c)(2) reduction because the defendant's sentence is based on a statutory mandatory minimum, and is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission").

The inquiry should be at end, but it is not. Section 3582(c)(2) requires that a sentence "reduction [be] consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). The relevant "policy statement governing § 3582(c)(2) proceedings" is set forth in § 1B1.10. *Dillon*, 560 U.S. at 819. At the same time Amendment 782 issued, the Sentencing Commission also promulgated Amendment 780 and expressly rejected *Glover*. *See* U.S.S.G. Supp. to App. C, amend. 780, at 53–56 (Nov. 1, 2014) (observing that Amendment 780 parts ways with *Glover*'s holding that a defendant whose original and amended sentencing ranges are based upon a statutory mandatory minimum "would not be eligible for any reduction because the range has not been lowered").

13

Amendment 780 added a new subsection (c) to § 1B1.10.  Section 1B1.10(c) is titled "Cases Involving Mandatory Minimum Sentences and Substantial Assistance."  It provides:

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

§ 1B1.10(c) (Nov. 1, 2014).  Sections 5G1.1 and 5G1.2, as pertinent here, provide that, when the statutory mandatory minimum sentence exceeds part or all of the guideline range, the guideline range is restricted by the statutory mandatory minimum.  Because § 3553(e) authorized the court to sentence Felton below the statutory mandatory minimum sentence of 120 months on Counts 1 and 4, § 1B1.10(c), if applied, bears on Felton's motion for a sentence reduction.  *See* § 1B1.10, comment. (n.8) (directing courts to "use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment").

Section 1B1.10(c), in effect, overrides the applicability of a statutory mandatory minimum penalty when the defendant has received a substantial-assistance departure below that minimum.  In *Dillon*, the Supreme Court concluded that § 1B1.10 is binding on courts in § 3582(c)(2) proceedings.  *See*, 560 U.S. at 824–

28.  But the Court decided *Dillon* prior to § 1B1.10(c)'s amendment in 2014, and it was not confronted with a guideline policy statement that overruled a statute's application.  For the reasons this court set forth in *United States v. Sawyer*, No. 2:06-CR-298-WKW, 2016 WL 7045732 (M.D. Ala. Dec. 2, 2016), § 1B1.10(c) "flies in the face of Congress's minimum penalties for specified drug crimes," and where "there is a conflict between a guideline policy statement and a federal statute, the guideline must give way."  *Id.* at *8.  Because the Sentencing Commission has no authority to override the statutory mandatory minimum sentence, this court rejected § 1B1.10(c) in *Sawyer* and applied *Glover*.  *See Glover*, 686 F.3d at 1206.  The court does the same here.[8]

---

[8] Admittedly, Amendment 780's effect on a defendant's *eligibility* for a sentence reduction is up for debate.  The Tenth Circuit recently noted that, in § 1B1.10(c), the Sentencing Commission speaks in "less-than-clear terms" by "alter[ing] course" with § 1B1.10's application note 1(A) and "tell[ing] district courts to ignore any statutorily-mandated minimum sentence where the defendant has received a § 3553(e) downward departure for substantial assistance."  *C.D.*, 2017 WL 694483, at *2 n.3.   The court in *C.D.*, while noting that courts, including this court in *Sawyer*, had found that § 1B1.10(c) "exceeds the Commission's statutory authority," it found it unnecessary to reach § 1B1.10(c) on grounds that § 1B1.10(c) pertains to § 3582(c)(2)'s "consistent with" clause, rather than its "based on" clause upon which it resolved the appeal.  *Id.*; *see also id*. at *3 (Because "each Defendant's mandatory minimum sentence was greater than the high end of his applicable guideline range," the pre-departure sentencing range was "based on" the mandatory minimum, rather than the applicable guideline range, *id.* at *3, and the defendant was not eligible for a sentence reduction under § 3582(c)(2) based upon Amendment 782.  Due to the Sentencing Commission's lack of clarity and because its reasoning for promulgating Amendment 780 indicates that the defendant in the Eleventh Circuit's *Glover* decision would have been eligible for a sentence reduction had Amendment 780 been in effect, this court, in the interest of covering all the bases, addresses Amendment 780 at the eligibility inquiry.

Felton's sentence is legally indistinguishable from the defendant's in *Glover*. Both Felton and Glover received sentences based on a statutory mandatory minimum (120 months for Felton; life for Glover), but the courts departed below the statutory mandatory minimums based upon § 5K1.1/§ 3553(e) motions predicated on the defendants' substantial assistance. But for the statutory mandate that froze Felton's minimum sentence at 120 months, Amendment 782 would have lowered Felton's guideline range. Amendment 782 is of no help to Felton; his sentence is based on a statutory mandatory minimum and not the lower guideline range. His guideline range was after Amendment 750—and still is—120 months, just as Glover's "guidelines range was—and still is—life in prison." 686 F.3d at 1208. In sum, the 10-year statutory mandatory minimum applicable to Felton's convictions on Counts 1 and 4 cannot, and will not, be disregarded in the § 3582(c)(2) analysis, and the 10-year statutory mandatory minimum, which exceeds the otherwise applicable guideline range, renders Felton ineligible for a sentence reduction based upon Amendment 782.

**B.    Alternatively, the § 3553(a) factors do not justify a sentence reduction.**

Even if it is assumed that Amendment 782 applies and that Felton is eligible for a sentence reduction, he is not entitled to a reduction as a matter of right. Section 3582(c)(2), which is worded permissively, gives a court discretion to decline to grant a reduction if it finds that the § 3553(a) factors do not warrant a sentence reduction.

Having considered all of the factors set out in § 3553(a), the court finds that Felton's original sentence was an appropriate sentence and that a § 3582(c)(2) sentence reduction is not warranted.

### 1.    *§ 3553(a)(1)*

Section 3553(a)(1)'s factors—the nature and circumstances of the offense and the history and characteristics of the defendant—confirm the appropriateness of the 70-month concurrent sentences on Counts 1 and 4. Felton was convicted of crimes involving serious drug trafficking offenses.[9] Congress deemed the drug trafficking charges serious enough to curtail the district court's sentencing discretion by imposing mandatory minimum sentences: ten years on the cocaine base trafficking charge, s*ee* 21 U.S.C. § 841(b)(1)(A)(iii) (eff. July 27, 2006 to Apr. 14, 2009) (providing a ten-year mandatory minimum sentence for possession with intent to distribute 50 grams or more of cocaine base); and ten years on the drug conspiracy charge, which cross references the penalty provisions of § 841(b), *see* 21 U.S.C. § 846.

Felton was involved in a large-scale crack and powder cocaine operation with several co-conspirators. He participated in multiple sales of distribution quantities of crack cocaine at a "crack house," where firearms were readily accessible and

---

[9] His offenses also include the illegal use of firearms, but, as noted earlier, the 5-year consecutive sentence on the § 924(c) charge is not impacted by Amendment 782.

which was protected by armed guards and video surveillance. The 70-month concurrent sentences imposed on Counts 1 and 4 were structured to take into account the nature and circumstances of the offense and Felton's history and characteristics.

### 2. § 3553(a)(2)

In addition to historical concerns and the nature and circumstances of the offense, the 70-month concurrent sentences on the drug offenses appropriately take into account "the need for the sentence imposed . . . to reflect the seriousness of the offense." § 3553(a)(2). Seventy months also accounts for Felton's cooperation. But for Felton's cooperation with authorities, he would have faced a minimum term of imprisonment of 10 years on the drug counts. A term of imprisonment below 70 months would understate the seriousness of the offenses. Furthermore, the term of imprisonment, as it stands, serves to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from further criminal activity by Felton.

### 3. § 3553(a)(6)

The court also has considered "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). Notably, Amendment 780 ("§ 1B1.10(c)" or "Amendment 780") produces an anomaly in this circuit. Application of § 1B1.10(c) to the fullest extent permitted by its terms creates a disparity between § 3582(c)(2)

sentence modifications and original sentences where a defendant's statutory mandatory minimum on a drug offense displaces all or part of the otherwise applicable guideline range. *Unlike Amendment 780, the current version of the Guidelines does not eradicate the statutory trumping rules in § 5G1.1 and § 5G1.2 at an original sentencing.* Consequently, in the Eleventh Circuit, *Head v. United States*, is controlling precedent at an original sentencing and prohibits the court from calculating a § 3553(e)/5K1.1 substantial assistance reduction at a starting point below the statutory mandatory minimum when that minimum exceeds all or part the otherwise applicable guideline range. *See* 178 F.3d 1205, 1206–08 (11th Cir. 1999) (holding that, under § 5G1.1(b), where the guideline range is lower than the statutory mandatory minimum sentence, the starting point for a substantial assistance departure is the statutory mandatory minimum and not the lower guideline range); *see also United States v. Earnest*, 496 F. App'x 902, 904 (11th Cir. 2012) (recognizing *Head*'s applicability at original sentencing hearings where the statutory minimum displaces the guideline range's floor, but not the ceiling). In other words, a court cannot disregard the statutory mandatory minimum at an original sentencing hearing in the manner that § 1B1.10(c) permits for purposes of a § 3582(c)(2) sentence modification. Hence, a defendant sentenced today under the current Guidelines Manual who cooperates with the authorities but is subject to a statutory mandatory minimum sentence for specified drug quantities could be at a substantial

sentencing disadvantage when compared to a defendant seeking the benefit of a

retroactive guideline amendment in a § 3582(c)(2) proceeding.[10]   There is no

mention of this disparity in the commentary and application notes accompanying the

new § 1B1.10(c).[11]   *See generally United States v. Smith*, No. CR 12-20066-32-

_____

[10] The comparison of a defendant who is sentenced today and one like Felton who was sentenced prior to the Fair Sentencing Act of 2010 ("FSA") is not apples to apples because the FSA does not have retroactive application.   The FSA "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum."   *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012).   For example, if the FSA applied to Felton, the statutory mandatory minimum for Felton's offenses in Counts 1 and 4 would be 5 years, instead of 10 years.   *See* 21 U.S.C. § 841(b)(1)(B) (2011) (imposing a mandatory term of imprisonment of not less than 5 years for a case involving at least 28 grams but less than 280 grams of crack cocaine).   Neither Felton nor other similarly situated defendants, however, can benefit from the FSA's lower mandatory minimums.   *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) ("Nothing in the FSA extinguishes the statutory mandatory minimum sentence or penalty already imposed in Berry's case before the FSA's enactment.   We agree with every other circuit to address the issue that there is 'no evidence that Congress intended [the FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.'" (citation omitted)); *see also United States v. Burgess*, 627 F. App'x 864, 866 (11th Cir. 2015) ("[T]he FSA does not apply to lower Mr. Burgess' mandatory minimum sentence from 120 months to 60 months, because the FSA does not come within the scope of § 3582(c)(2), as it is 'not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress.'" (quoting *Berry*, 701 F.3d at 377)).   But the point here is that, at an original sentencing hearing, the defendant described above, remains stuck under *Head* with the mandatory minimum sentence for purposes of a departure for substantial assistance.

[11] The Commission's reason for the amendment in § 1B1.10(c) is silent as to the disparity it creates in the Eleventh Circuit:

Th[e] clarification [in § 1B1.10(c)] ensures that defendants who provide substantial assistance to the government in the investigation and prosecution of others have the opportunity to receive the full benefit of a reduction that accounts for that assistance.   See USSG App. C. Amend. 759 (Reason for Amendment).   As the Commission noted in the reason for that amendment: "The guidelines and the relevant statutes have long recognized that defendants who provide substantial assistance are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or statutory minimum. Applying this principle when the guideline range

KHV, 2016 WL 2958453, at *5 (D. Kan. May 23, 2016) ("To allow defendants sentenced before Amendment 782 to receive a reduction beyond that authorized in the current version of Section 3553(e) and the Guidelines would create a significant disparity based on when a particular defendant was sentenced.").

There is more.  This also means that, based upon the difference in the starting point for calculating a substantial assistance departure, a defendant will receive a lower sentence in a § 3582(c)(2) proceeding than he would have received if the guideline amendment had been in effect at his original sentencing.  "The purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines."  *Glover*, 686 F.3d at 1206.  The defendant "is not to receive a lower sentence than he would have received if the amendment had been in effect at the time of his sentencing." *Id.*; *see also United States v. Villegas*, 651 F. App'x 909, 912 (11th Cir. 2016) (citing favorably this principle of *Glover*).  In Felton's case, the end result is that adherence to § 1B1.10(c) in a § 3582(c)(2) proceeding would give him more favorable treatment than he would have received at his original sentencing had Amendment 782 been in effect at that time.

---

has been reduced and made available for retroactive application under section 3582(c)(2) appropriately maintains this distinction and furthers the purposes of sentencing."  *Id.*

*See* U.S.S.G. Supp. to App. C, amend. 780 (Reason for Amendment) (Nov. 1, 2014).

To illustrate, if the court applied Amendment 780 and ignored the 120-month statutory mandatory minimum, Felton's guideline range would be 51 to 63 months. At his original sentencing, Felton received a four-level departure for substantial assistance, and § 1B1.10 would authorize a reduction in Felton's sentence that is "comparably less than the amended guideline range." § 1B1.10(b)(2)(B). A four-level departure yields a guideline range of 33 to 41 months. Originally, the court sentenced Felton at the midpoint of the range, meaning that a sentence of 37 months could be warranted. A sentence of 37 months (to run concurrently on Counts 1 and 4) would be a 69% departure below the statutory mandatory minimum of 120 months. Compared to Felton's original 70-month concurrent sentences on Counts 1 and 4, which reflects a 42% departure below the statutory mandatory minimum, the § 3582(c)(2) reduction produces a grossly different result. Contrary to Eleventh Circuit directives, a 37-month sentence would be a significantly "lower sentence than [Felton] would have received if the [§2D1.1(c)] amendments had been in effect at the time of his sentencing." *Glover*, 686 F.3d at 1206. That is because, regardless of the retroactive reductions in § 2D1.1(c)'s base offense levels, the statutory mandatory minimum is the lowest possible starting point for the court's calculation of a substantial-assistance departure at an original sentencing hearing.

The sentencing disparities that Amendment 780 yields in the Eleventh Circuit—as to other defendants whose substantial-assistance departures are stymied

at an original sentencing by mandatory minimum sentences, and as to Felton himself—present another good reason to be suspicious of § 1B1.10(c) and weigh against a sentence reduction in this case.

### 4.  *Summary*

For the reasons set forth above and at the original sentencing hearing on November 5, 2008, the court finds that concurrent sentences of 70 months on Counts 1 and 4 are sufficient, but not greater than necessary, to meet the sentencing factors set forth in § 3553(a), after considering Felton's substantial assistance.  Felton's original term of imprisonment was reasonable then, and it is now.  Accordingly, even if Felton were eligible for a sentence reduction, the court would decline to reduce his term of imprisonment under § 3582(c)(2) and Amendment 782.

## III.  CONCLUSION

Felton is ineligible for an Amendment 782 reduction under § 3582(c)(2).  His sentencing range is based upon a statutory mandatory minimum, not on a sentencing range that the Sentencing Commission subsequently has lowered, and the Sentencing Commission has no authority to override the statutory mandatory minimum.  Alternatively, even if Felton's eligibility for a sentence reduction is assumed, the applicable § 3553(a) factors do not warrant a reduction.

Accordingly, it is ORDERED that Felton's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 (Doc. # 186) is DENIED.

DONE this 8th day of March, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE